U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St N W*
*Washington, D.C. 20001*

June 21, 2007

F I L E D

JUL 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**BY FIRST-CLASS MAIL**
Melvin Otey, Esq.
3609 Georgia Avenue, N.W.
Suite 200
Washington, D.C. 20010

Re:    Angela Watkins

CR 07-174 -PLF

Dear Mr. Otey:

    This letter sets forth the full and complete plea offer to your client, Ms. Watkins. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on June 29, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1. **Charges:** Ms. Watkins agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 641 (Theft of Government Property). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Watkins and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

    Ms. Watkins agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Watkins' actions and involvement in the fraud scheme. It is anticipated that during the Rule 11 plea hearing, Ms. Watkins will adopt and sign the Statement of the Offense as a written proffer of evidence.

    2. **Potential penalties, assessments, and restitution**: Ms. Watkins understands that the maximum sentence that can be imposed is 10 years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution,[1] and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Watkins understands that the sentence to be imposed in this case will be determined in accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual, November 1, 2005, (hereinafter "Sentencing Guidelines"). Ms. Watkins understands that this sentence, including the applicable sentencing guideline range, will be

---

[1] The parties agree that the amount of restitution shall be $40,000.

determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Watkins further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Watkins's right to appeal an unlawful sentence.

    3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

| | | |
|---|---|---|
| §2B1. | Theft, Embezzlement, Receipt of Stolen Property, Property Destruction, and Offenses Involving Fraud or Deceit | |
| | (a) Base Offense Level | 6 |
| | (b) Specific Offense Characteristics<br>Loss than more of $30,000 | 6 |
| §3E1.1 | (c) Acceptance of Responsibility | -2 |
| | TOTAL | 10 |

Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. At present, the government agrees to request a sentence at the low end of the applicable guideline range. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

    4. **Financial Arrangements:** Ms. Watkins agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Ms. Watkins also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

    5. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Ms. Watkins' criminal activities. In addition, Ms. Watkins acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

6. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

7. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8. **Resignation:** By the date of sentencing in this matter, Ms. Watkins agrees to resign her position with the United States Secret Service.

9. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Watkins's release pending sentencing, agrees not to oppose a 2-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Ms. Watkins's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Watkins continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Watkins in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the embezzlement charge outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Watkins does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Watkins.

10. **Court is not bound:** Ms. Watkins understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

11. **Breach of Agreement:** Ms. Watkins agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Watkins's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation

officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Watkins will not have the right to withdraw the guilty plea; (c) Ms. Watkins shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Watkins, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

12. **USAO's Criminal Division Bound:** Ms. Watkins understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Watkins.

13. **Complete Agreement:**  No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Watkins, Ms. Watkins's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Watkins may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Watkins and her counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  _____
GLEN DONATH
Assistant United States Attorney

      I have read this plea agreement and have discussed it with my attorney, Shelli Peterson, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

      I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6/28/07

Angela L. Watkins
Defendant

      I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6/28/07

Melvin Otey, Esquire
Attorney for the Defendant

6

## STATEMENT OF THE OFFENSE

Angela L. Watkins was employed by the United States Secret Service ("USSS"), and became the primary cashier of the USSS's Criminal Investigative Division ("CID") in April 2004. As part of her job responsibilities, Ms. Watkins had administrative control over the CID's confidential fund. The confidential fund is maintained and used to pay confidential informants and for other expenses in connection with USSS confidential investigations. On multiple occasions during 2005 and 2006, Ms. Watkins took confidential funds that were property of the USSS and used those funds to pay her personal expenses, including her rent, cable television bill, and other household expenses. On each of these occasions, Ms. Watkins either withdrew money from the confidential fund or appropriated cash that should have been deposited in the confidential fund, and deposited the money into a personal account in her name at the National Science Foundation Credit Union (NSFCU) located at 950 H Street, N.W., in Washington, D.C.

For example, on January 6, 2006, $4,000 in cash from the confidential fund was given to a USSS Special Agent. That Special Agent did not utilize the cash and returned it to Ms. Watkins. Ms. Watkins did not deposit the $4,000 in the confidential fund. Instead, the appropriated the $4,000 for her own use and benefit. Similarly, on March 23, 2006, $3,000 in cash from the confidential fund was given to another USSS Special Agent. That Special Agent did not utilize most of that cash and returned $2,577 to Ms. Watkins. Ms. Watkins did not return the $2,577 to the confidential fund, and instead appropriated it for her own use and benefit. The total amount of funds misappropriated by Ms. Watkins is approximately $40,000.

During an investigation into this matter, Ms. Watkins provided a statement in which she admitted depositing funds in her NSFCU account that were the property of the USSS confidential fund. Ms. Watkins stated that the money was used to pay household expenses. Ms. Watkins further stated that she took full responsibility for her misuse of government funds.